Manly, J.
Upon the coining in of the answer to this writ,-there was. a demurrer and joinder in demurrer, so that the question brought here is upon the sufficiency of the answer. Its sufficiency depends upon whether the commissioners had authority to-make a conditional location; for if so, it seems to us their power would not be exhausted by such action, but upon the nonperformance of the condition, might be. resumed as an unfinished work; and so tóties quoties until a seat .of justice was finally provided.
The power of commissioners in such cases should receive ■ a practical construction; such as will meet emergencies likely to arise in the transaction of such business. It is of the nature of such a duty that it may meet with obstacles in the course of its performance, and the commissioners be obliged to retrace their steps' and try again in some other place and with some other parties. .
This was more probable, as, a different class of commissioners are appointed to fix the site and to acquire it. While the Legislature might not have been able to foresee the absurd stipulations- which did prevent the first attempt to locate, they must have been able to anticipate other similar obstacles, and when they provided two sets of commissioners, it could not have been intended that the designation of a place by the first, which is all they had to do, would fix it there irrevocably, and the commissioners of the second class would he obliged to make .the purchase, whatever .bad faith, imposition or • other obstacle, the proprietor of the land might interpose, unless the Legislature should convene in time to afford relief.
It must have been intended that the two classes of commissioners should act in concert, and, in our opinion, it was ’ not necessary that One set should exhaust its power, before the other could be called upon to move.
*286 It was entirely competent and proper for the one set to say here is a proper site for the town, provided the other set can procure a surrender of the title in fee, and provided suitable town commons can also be procured. And upon a report back that such titles could not be had, the first commissioners could resume a duty not entirely or absolutely completed and perfect it. This reasoning, it seems to us, is analogous to that in the case of Caldwell vs. the Justice of Burke, 4 Jones, Eq. 323, on which this Court was conducted to a similar conclusion.
All provisions of law for the accomplishment of an object should be so construed and executed as to accomplish it, notwithstanding such obstacles and opposition as may be naturally expected to arise out of such affairs.
The report of the first class of commissioners as to the location, is referred to in the Answer, and speaks of the donations of lands by Coleman, Chambers, and Herbert, as understandings had with them, while the answer calls $hem conditions. We do not think this variance materially affects the case. The words in connexion with such a negotiation wore probably considered synonymous. They seem to have been so treated by the defendants, and no complaint is made of such construction.
From the nature of the transaction it must have been that the grants of land were- to be concurrent at least, with the final act of the commissioners, declaring the site fixed and their duty accomplished. A different construction would lead to the altogether inadmissible conclusion, that the Legislature intended to fix the site irrevocably, and' leave the public in the acquisition of it, to such exactions as the cupidity, whim or folly of owners might suggest.
Supposing the commissioners to select the site had a right to designate a place conditionally, there can be no redress under the present information. The conditions not being *287 complied with, the commissioners have proceeded to select another place. The title has been acquired, temporary public buildings erected, the lands divided out into lots and •old, and the municipal machinery of the County, put into action. According to what is said in the case of the State upon the relation of Hill vs. Bonner, Busbee 257, the Court cannot revise . discretion of' the commissioners. It may be conceded that they ought to have selected the spot on Coleman’s land, but; not having done so, but passed on and made a different selection, the writ will not lie, because it would be but a command to make a different selection from the one which they had thought proper to adopt.
Upon the whole, we are of opinion that the commissioners to select a site for the public buildings for the County of Clay, could make a conditional selection without exhausting their power ; and upon the nonfullfilment of the conditions, might resume tlie power,and make another selectiou; and that a writ of mandamus, therefore, will not lie against the commissioners appointed to acquire title, commanding them to take a title to the place provisionally selected, although the owner may be now willing to waive former impediments.
The answer 'is held to be sufficient. The demurrer is overruled, and the information quashed.
Each party is to pay his own costs.